**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-30253 |
| Plaintiff - Appellee, | D.C. No. 2:11-cr-00387-JLR |
| v. | |
| DAVID POSEY, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Submitted October 15, 2013**

Before:    FISHER, GOULD, and BYBEE, Circuit Judges.

David Posey appeals from the district court's judgment and challenges the

65-month sentence imposed following his guilty-plea conviction for being a felon

in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); unlawful

production of an identification document, in violation of 18 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1028(a)(1), (b), (c)(1); aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and counterfeiting and forging obligations or securities of the United States, in violation of 18 U.S.C. § 471. We dismiss.

The government argues that this appeal is barred by the appeal waiver in the parties' plea agreement. Posey argues that the waiver is unenforceable, asserting for the first time on appeal that the government breached the plea agreement by arguing for a harsher sentence than was stipulated in the agreement and by failing to state a basis for a requested downward departure or variance. We review for plain error, *see United States v. Whitney*, 673 F.3d 965, 970 (9th Cir. 2012), and find none. The record reflects that, in its sentencing memorandum and at sentencing, the government stood by its recommendation and explained at length why it believed that a 48-month sentence was warranted. Accordingly, Posey received the benefit of his bargain: "the presentation of a united front to the court." *United States v. Alcala-Sanchez*, 666 F.3d 571, 575 (9th Cir. 2012) (internal quotations omitted).

Because the sentence imposed was within the parameters of the appeal waiver, and the waiver is enforceable, we dismiss the appeal. *See United States v. Watson*, 582 F.3d 974, 988 (9th Cir. 2009).

**DISMISSED.**